IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

vs.                 No. 12-10245-01-JTM

ANTHONY B. CREMER,
   Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Anthony Cremer's Motion to Vacate (Dkt. 51) his sentence pursuant to 28 U.S.C. § 2255. Cremer writes in his motion—in which he also asks for "a lawyer to look over my case"—that "I think I may be eligible for relief under *Rehaif*." (Id., at 1). In *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019), the Court held that violations of 18 U.S.C. § 922(g) require that the government "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."

The present motion is the second § 2255 motion filed by Cremer. Although Cremer withdrew the earlier motion (Dkt. 50), he did so only after the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). Cremer's stipulation, only three weeks after *Beckles*, occurred because he "s[aw] the handwriting on the wall." *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000). Thus, his earlier motion counts as a first §

2255 motion for purposes of second or successive analysis. *See United States v. Ramos*, 759 Fed. App'x 718, 720 (10th Cir. 2019). Accordingly, the court is without jurisdiction to entertain the merits of a second and successive motion (whether or nor presented with counsel) unless and until the Tenth Circuit grants the proper authorization under § 2255(h)(2). *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The court therefore dismisses defendant's motion. The court will not certify the matter, or transfer the motion to the Tenth Circuit for potential authorization, as *Rehaif* would in any event not provide retroactive relief to the defendant. *See United States v. Gulley*, 2020 WL 4815947, at *1 (D. Kan. Aug. 19, 2020) (citing cases).

    IT IS ACCORDINGLY ORDERED this day of September, 2020, that the defendant's Motion to Vacate and for Appointment (Dkt. 51) is hereby dismissed.

                                             s/ *J. Thomas Marten*
                                             J. Thomas Marten, Judge